**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1525**

_____

LARRY R. BINGMAN,

              Plaintiff - Appellee,

        v.

BALTIMORE COUNTY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Marvin J. Garbis, Senior District Judge.  (1:13-cv-02678-MJG)

_____

Submitted:  December 11, 2017                    Decided:  December 29, 2017

_____

Before WILKINSON, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael E. Field, County Attorney, James S. Ruckle, Jr., Assistant County Attorney, Jordan V. Watts, Jr., Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellant.  Francis J. Collins, David Gray Wright, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry R. Bingman, who was formerly employed as a laborer with the Bureau of Highways of Baltimore County, Maryland, brought this action against Baltimore County (the County) alleging he was terminated because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 (2012) (ADA), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-606 to 20-609 (West 2014). A jury rendered a verdict in favor of Bingman, awarding Bingman $400,000 in damages, of which $298,000 consisted of non-economic damages. The County appeals, asserting that the district court erred when it refused to allow the County to present evidence that Bingman applied for and received Social Security Disability Insurance (SSDI) benefits, and refused to instruct the jury regarding Bingman's obligation to explain inconsistencies between his disability discrimination claims and SSDI application. The County also argues that the jury's non-economic damages awards are not supported by the evidence presented. We affirm.

We give "substantial deference to a district court's decision to exclude evidence, and . . . will not reverse the district court's decision absent a clear abuse of discretion." *United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997) (internal quotation marks omitted). Thus, we review a district court's evidentiary rulings for abuse of discretion, and "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).

Although this court also "review[s] challenges to jury instructions for abuse of discretion, bearing in mind that a trial court has broad discretion in framing its

2

instructions to a jury[,]" we "review de novo whether the district court's instructions to the jury were correct statements of law." *Gentry v. E. W. Partners Club Mgmt. Co., Inc.*, 816 F.3d 228, 233 (4th Cir. 2016) (internal quotation marks omitted). Even if a jury is erroneously instructed, however, we will set aside a verdict only if the error "*seriously* prejudiced the challenging party's case." *Id.* (emphasis in original) (internal quotation marks omitted).

We reject the County's assertion that the district court erred by refusing to allow it to present evidence that Bingman applied for and received SSDI payments, or that the district court gave a faulty jury instruction regarding Bingman's evidentiary burden at trial. We have reviewed the record, which confirms that the County was allowed to question Bingman regarding statements he made in his SSDI proceedings, and that the district court adequately instructed the jury regarding its obligation to consider statements Bingman made in those proceedings. Accordingly, we discern no reversible error by the district court stemming from its evidentiary rulings, jury instructions, or special verdict sheet language pertaining to Bingman's SSDI application. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802 (1999) ("In our view, . . . despite the appearance of conflict that arises from the language of the two statutes, the two claims do not inherently conflict to the point where courts should apply a special negative presumption like the one applied by the Court of Appeals here."); *see also United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008) (recognizing that this Court "must assume that the jury understood and followed the court's instructions" (internal quotation marks omitted)) .

3

We also discern no error stemming from the jury's non-economic damages award. In this regard, "[a] district court abuses its discretion by upholding an award of damages only when the jury's verdict is against the weight of the evidence or based on evidence which is false." *Gregg v. Ham*, 678 F.3d 333, 343 (4th Cir. 2012) (internal quotation marks omitted). In fact, "[a] jury's award of damages stands unless it is grossly excessive or shocking to the conscience." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 180 (4th Cir. 2001) (internal quotation marks omitted); *see Hetzel v. Cty. of Prince William*, 89 F.3d 169, 171 (4th Cir. 1996) (holding that a jury's award of compensatory damages will be set aside on the grounds of excessiveness only if the verdict is against the clear weight of the evidence or will result in a miscarriage of justice). Notably, we will defer to a "jury's award of damages for intangible harms, such as emotional distress, because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Fox*, 247 F.3d at 180 (internal quotation marks omitted).

Given Bingman's testimony as to the nature of his "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life," 42 U.S.C. § 1981a(a)(2), (b)(3) (2012), we do not find that the jury's $298,000 award was "grossly excessive or shocking to the conscience." *Fox*, 247 F.3d at 180 (internal quotation marks omitted). We also reject the County's bald assertion that the jury should not have been allowed to award Bingman damages based on its wrongful medical inquiry or examination claim. It is undisputed that the County used out-of-date medical authorizations to gather Bingman's cancer-related medical records, and that it made unlawful inquiries when it sought and received records regarding Bingman, rather than limiting its requests to

4

Bingman's back injury. As a result of these unlawful inquiries, the County received information about Bingman's cancer diagnoses and treatments, which it was not allowed to do. *See* 42 U.S.C. § 12112(d)(4). Moreover, it is undisputed that Bingman was made to undergo a medical examination based solely on speculation that Bingman's bones may be brittle because of his cancer treatments. Although these events may have ultimately resulted in the County's decision to terminate Bingman's employment, the inquiries and examination were separate acts for which the jury was justified in awarding damages. Accordingly, we defer to the jury's $6000 award. *See Fox*, 247 F.3d at 180.

Based on the foregoing, we affirm the district court's judgment in Bingman's favor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*